# IN THE COURT OF APPEALS OF IOWA

No. 25-0124
Filed October 1, 2025

IN THE INTEREST OF O.A.,
Minor Child,

K.M., Mother,
 Petitioner-Appellant,

J.A., Father,
 Respondent-Appellee.

_____

Appeal from the Iowa District Court for Greene County, Ashley Beisch, Judge.

A mother appeals the juvenile court's denial of her petition to terminate the father's parental rights under Iowa Code chapter 600A. **AFFIRMED.**

Abigail M. Becker and Gary E. Hill of Family Law Solutions of Iowa, LLC, Des Moines, for appellant mother.

Maria Kordick of Baxter & Wild Law Office, PC, Guthrie Center, for appellee father.

Mark Alan Simons of Simons Law Firm, PLC, West Des Moines, attorney and guardian ad litem for minor child.

Considered without oral argument by Ahlers, P.J., and Chicchelly and Sandy, JJ.

**CHICCHELLY, Judge.**

The mother of O.A. appeals the juvenile court's denial of her petition to terminate the parental rights of O.A.'s father under Iowa Code chapter 600A (2024). She claims there is clear and convincing evidence of statutory abandonment and termination is in the child's best interests. Finding the mother failed to establish grounds for abandonment, we affirm the denial of her petition.

## I. Background Facts and Proceedings

O.A. was born in 2018. The mother and father began a relationship with each other about two years prior to his birth and continued to date off and on until early 2020. By that time, their relationship had become tumultuous, leading to hostility and an inability to co-parent. Neither parent ever sought a court order to establish child support, custody, or visitation.

The parties separated in early 2020 when both provided some care for the child. During this time, both parents were also financially providing for the child. The father would watch the child while the mother was at work. In March 2020, the father became incarcerated at the Boone County Jail. He was released from jail in November 2020, at which time he attempted to re-engage with the mother about visitation and care of the child. He did have a number of visits with the child in November and December. The last visit the father had with the child was Christmas 2020.

In January 2021, the father reached out to the mother about being able to see the child. These messages continued without response from the mother and without the father seeing the child. In March 2021, the mother blocked the father's

number, so he was unable to contact them.[1]  During this time, though the father knew where the mother lived, she threatened to contact law enforcement if he came to her home.  In June 2022, the mother moved and did not provide the father with information of her new address.  This left the father unable to reach out to the mother or child.  The father testified he could not afford an attorney to help him seek visitation with the child.  In April 2024, the mother reached out to the father, but only for purposes of asking him to voluntarily relinquish his parental rights to the child.

In June 2024, the mother filed a petition to terminate the father's parental rights.   The petition asserted grounds for termination under Iowa Code section 600A.8(3)(b) and 600A.8(4), alleging that the father had abandoned the child without good cause and had failed to financially support the child when able to do so.  After a contested hearing, the juvenile court found the mother failed to prove termination by clear and convincing evidence and dismissed the petition. The mother now appeals.

## II.  Standard of Review

We review private termination proceedings de novo.  *See In re B.H.A.*, 938 N.W.2d 227, 232 (Iowa 2020).  "Although we are not bound by them, we give weight to the trial court's findings of fact, especially when considering credibility of witnesses."  *Id.* (citation omitted).  When interpreting chapter 600A, the best

---

[1] The mother presented evidence that the father knew her email address and could have used that to communicate with her. But she did not respond to the only email sent to that address by the father. The evidence shows he was blocked on most other means of communication.

interest of the child involved is "the paramount consideration," but we also give "due consideration" to the interests of the child's parents. Iowa Code § 600A.1(1).

## III. Discussion

The mother argues termination is appropriate under Iowa Code section 600A.8(3)(b), which applies where a parent "has abandoned" a child six months of age or older.[2] "To abandon a minor child" means to "reject[] the duties imposed by the parent-child relationship, . . . which may be evinced by the person, while being able to do so, making no provision or making only a marginal effort to provide for the support of the child or to communicate with the child." Iowa Code § 600A.2(20).

To terminate parental rights for abandonment, the mother must show by clear and convincing evidence that (1) the child is at least six months old at the time of the termination hearing and (2) the parent for whom termination is sought has failed to maintain "substantial and continuous or repeated contact with the child." *In re G.A.*, 826 N W.2d 125, 129 (Iowa Ct. App. 2012).

"Substantial and continuous or repeated contact" is demonstrated by at least one of the following:

> (1) Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.
> (2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.
> (3) Openly living with the child for a period of six months within the one-year period immediately preceding the termination of

---

[2] The mother does not raise a challenge to the juvenile court's finding that she failed to establish grounds under Iowa Code section 600A.8(4).

> parental rights hearing and during that period openly holding himself
> or herself out to be the parent of the child.

Iowa Code § 600A.8(3)(b)(1)–(3). To prevent a finding of abandonment, a parent must also provide "contribution toward support of the child of a reasonable amount, according to the parent's means." *Id.* § 600A.8(3)(b). A parent's subjective intent is immaterial and does not preclude a finding of abandonment. *See id.* § 600A.8(3)(c).

Here, there is no dispute that the father has not had contact with the child for almost five years. But that is not dispositive of the first element because the mother took actions to prevent the father from having contact with the child. These included blocking the father's number, refusing to schedule visits with the father, and moving residences without telling the father. The mother cannot prove the father abandoned the child if she prevents him from contacting the child. *See id.* § 600A.8(3)(b)(1) (excusing failure to visit monthly when "prevented from doing so by the person having lawful custody of the child"); *In re R.G.*, No. 21-1744, 2022 WL 2160691, at *3–4 (Iowa Ct. App. June 15, 2022) (reversing district court and finding no abandonment based in part on the mother's rejections of some attempts at contact through letter and phone and her moving without providing her new address to the parent); *In re K.K.*, No. 20-0347, 2020 WL 5946085, at *4 (Iowa Ct. App. Oct. 7, 2020) (affirming dismissal for failing to prove abandonment where the mother "thwarted" phone and text communication and in-person visitation); *In re K.R.L.*, No. 02-1586, 2003 WL 21244297, at *2–3 (Iowa Ct. App. May 29, 2003) (reversing district court and finding no abandonment where parent's efforts at contact were "rebuffed" by custodian). Because the mother prevented the father

from having contact with the child, we affirm the juvenile court and find the mother failed to prove abandonment.

Because we agree with the juvenile court that the mother failed to establish the mother abandoned the child, we affirm the order denying his termination petition without reaching the question of the child's best interests. *See In re Q.G.*, 911 N.W.2d 761, 770 (Iowa 2018) (stating that proceedings under Iowa Code chapter 600A are a two-step process in which the petitioner must first show the ground for termination by clear and convincing evidence before the court considers the child's best interests).

**AFFIRMED.**